**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID DOWNING,**

        **Plaintiff,**             1:06-CV-363
                                                (GLS\RFT)

        **v.**

**JAMES KING, SHANE LEWIS and**
**JOHN LARONCA,**

        **Defendants.**
_____

**APPEARANCES:**                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Ainsworth, Sullivan Law Firm        MARGARET C. LYNCH, ESQ.
P.O. Box 12849                     MELISSA R. BARTON, ESQ.
320 Great Oaks Boulevard
Albany, New York 12203

**FOR THE DEFENDANTS:**

Remington, Gifford Law Firm        JAMES T. TOWNSEND, ESQ.
183 East Main Street
Suite 1400
Rochester, New York 14604-1696

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

David Downing ("Downing") brings this diversity action, alleging that defendants are liable for injuries he sustained when they assaulted him in December of 2004. *See Am. Compl., Dkt. No. 11*. Pending under Federal Rule of Civil Procedure 56 is Downing's motion for summary judgment. *See Dkt. No. 23*. For the reasons that follow, Downing's motion is **GRANTED IN PART** and **DENIED IN PART**.

## II. Facts[1]

The events out of which this action arises began on December 28, 2004, when defendant James King ("King") sent a text message to Downing's girlfriend that read "[i]f that little rat scumbag [apparently referring to Downing] is anywhere near me im gonna murder him. Not kidding. Don't cause a scene and rot in hell ciao." *SMF ¶ 8, Dkt. No. 23*. On December 29, 2004, at approximately 9 pm, King sent another text message to Downing's girlfriend stating "if I see him out tonight im gonna hit him. Don't make a scene." *Id.* at ¶ 9.

Early the next morning King and defendants Shane Lewis ("Lewis")

---

[1] King has not filed a 7.1 response to Downing's statement of material facts as required by Local Rule 7.1(a)(3), nor does his memorandum of law take issue with such facts in any meaningful way. As such, Downing's 7.1 statement is deemed admitted. See N.D.N.Y. R. 7.1(a)(3).

2

and John Laronca ("Laronca") accosted Downing and, without provocation, struck him in the face as he was leaving the Washington Tavern in Albany. *Id.* at ¶ 2. Employees of the Tavern broke up the altercation and the parties proceeded across the street. *Id.* at ¶ 3. As Downing was heading to his car, King, Lewis and Laronca again attacked him, knocking him to the ground and repeatedly kicking him in the face. *Id.* at ¶¶ 4, 5. Among the injuries Downing suffered as a result of the assault were a blow-out fracture to his left orbital, a cut above his right eye and swelling and bruising. *Id.* at ¶ 7. Following the assault King sent Downing a text message which read "Haha." *Id.* at ¶ 10. Subsequently, on August 15, 2005, King pled guilty to a charge of assault in the second degree, a class D felony, in Albany County Court. *Id.* at ¶ 11.

On March 22, 2006, Downing brought this civil action against King for assault. *See Compl., Dkt. No. 1.* On August 22, 2006, the complaint was amended to include defendants Lewis and Laronca, who have since had a default judgment entered against them on liability, but not damages. *See Am. Compl., Dkt. No. 11; Order, Dkt. No. 20.* Downing now moves for a summary judgment order finding King liable for assault on grounds of collateral estoppel, and adjudging Downing entitled to punitive damages.

3

*See* Summ. J. Mot., Dkt. No. 23.

## III. Discussion

**A.     Standard of Review - Motion for Summary Judgment**

The standard for the grant of summary judgment is well-established, and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its previous opinion in *Bain v. Town of Argyle,* 499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007).

By Local Rule, a summary judgment motion shall contain a Statement of Material Facts with a specific citation to the record where the fact is established.  *See* N.D.N.Y. R. 7.1(a)(3).  Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.  *Id.*  The opposing party shall file a response to the Statement of Material Facts.  *Id.*  Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.  *Id.*

**B.     Downing's Motion**

**1.     Collateral Estoppel**

Downing asserts that because King pled guilty to a criminal charge arising out of the assault which is the subject matter of this action, and has

4

failed to deny the facts of the assault in his present answer, he is precluded from relitigating his liability here.  *See Summ. J. Mot., Mem., Dkt. No. 23.*  King's response does not address these arguments.[2]  *See Mem., Dkt. No. 27.*

The doctrine of collateral estoppel prevents litigants from raising issues that were or should have been litigated in a prior action to which they were a party.  *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002).  Under 28 U.S.C. § 1738, a federal court must give a state court judgment collateral estoppel effect based upon the law of the state in which the federal court sits.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Marinaccio v. Boardman*, No. 1:02-CV-00831, 2005 WL 928631, at *11 (N.D.N.Y. Apr. 19, 2005).  Thus, this court must apply the law of New York in determining the collateral estoppel effect of King's guilty plea in Albany County Court.

New York applies the "identity of issue test" in determining whether a party is precluded from relitigating an issue.  See DAVID D. SIEGEL, NEW

---

[2] King's memorandum in opposition to Downing's motion presents only two arguments. One is that King, Lewis and Laronca are jointly and severally liable for whatever compensatory damages are awarded.  *See Mem., Dkt. No. 27.*  The other is that each defendant is only severally liable for whatever punitive damages are awarded.  *Id*.  As these arguments are unresponsive to Downing's motion the court declines to address them at this juncture.

YORK PRACTICE § 462 (4th ed. 2005).  Under this test a court must inquire as to whether "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Vargas v. City of New York,* 377 F.3d 200, 205-06 (2d Cir. 2004).  The party seeking to have an issue precluded bears the burden of establishing that it was addressed in the prior proceeding.  *See Postlewaite v. McGraw-Hill*, 333 F.3d 42, 49 (2d Cir. 2003).  The party against whom collateral estoppel effect is sought has the burden of showing they were not previously given a full and fair opportunity to address the issue they now seek to litigate.  *See NAS Electronics, Inc. v. Transtech Electronics PTE Ltd.*, 262 F. Supp. 2d 134, 143-44 (S.D.N.Y. 2003).

Turning to the first prong, the court notes that in a tort action arising out of conduct for which a defendant has been found criminally liable, issues of liability will be raised which were, as a matter of necessity, addressed in the criminal proceeding.  *See Merchants Mut. Ins. Co. v. Arzillo*, 472 N.Y.S.2d 97, 103 (N.Y. App. Div. 1984). In the present instance, it is undisputed that King voluntarily and intelligently pled guilty to a charge of assault stemming from the same events that give rise to this

civil action for assault.³  *See Mem., Main Doc. pg. 1, Dkt. No. 27.*  As such, King's liability for assaulting Downing, the issue in question here, was actually and necessarily decided in the prior criminal action.

This leaves the question of whether a defendant who pleads guilty to a crime, in lieu of trial, has had a full and fair opportunity to litigate liability. Numerous courts have answered in the affirmative, holding that a defendant is not denied the chance to contest issues in a criminal proceeding merely because he pleads guilty, so long as the plea was voluntary and intelligent.  *See Marinaccio,* 2005 WL 928631, at *11; *Lennon v. Seaman*, No. 99 Civ. 2664, 2002 WL 109525, at *4 (S.D.N.Y. Jan. 28, 2002) (quoting *Merchants*, 472 N.Y.S.2d at 104-05).  Recognizing

---

³ Before pleading guilty, King engaged in the following colloquy with Judge Herrick:

| | |
|---|---|
| THE COURT: | Mr. Downey [sic] was on the ground as a result of [the] altercation involving you and at least two other people, and at that point in time, you kicked him in the face with your boots? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And you used your boots as a dangerous instrument in this instance, did you not? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And you caused injury to Mr. Downey [sic] as a result of kicking him while he was on the ground and defenseless; is that correct? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And you knew you caused physical injury to him as a result of kicking him with your boots? |
| THE DEFENDANT: | Yes, sir. |

*Summ. J. Mot., Plea Proceeding Tr. pgs. 18-19, Dkt. No. 23.*

7

this, and in light of King's failure to present an argument on this prong of the analysis, the court finds that King was given a full and fair opportunity to litigate his liability during the prior criminal action. As such, King is estopped from relitigating his liability in the current action, and all that remains to be tried is damages.

### 2. Punitive Damages

Downing next contends that the court should award him punitive damages in light of King's intentional, deliberate and outrageous conduct. *See Summ. J. Mot., Mem., Dkt. No. 23*.

In actions involving torts such as assault, punitive damages are recoverable where this is some showing of wanton, malicious or cruel conduct. *See Pepe v. Maklansy*, 67 F. Supp. 2d 186, 187-88 (S.D.N.Y. 1999). While the court by no means wishes to imply that Downing is not entitled to punitive damages, "it is well settled that the determination whether to award punitive damages lies in the discretion of the trier of facts." *Id.* at 188. As such the court believes it more appropriate for the jury to determine whether to award punitive damages, and in what amount.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

8

**ORDERED** that Downing's motion for summary judgment *(Dkt. No. 23)* against **JAMES KING** is **GRANTED AS TO LIABILITY**; and it is further

**ORDERED** that Downing's motion for summary judgment *(Dkt. No. 23)* is **DENIED AS TO PUNITIVE DAMAGES**; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

November 26, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge